## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v.
## J. G. WEATHERFORD.

### Decided March 21, 1901.

1.—Railway Company—Accident at Crossing—Discovered Peril.

Where there was evidence showing, that the engineer of a passenger train, when approaching a public crossing, saw plaintiff with his team near the other track, endeavoring to control them, and made no effort to check the train, but unnecessarily began to blow the whistle, causing the team to become frightened, a charge upon discovered peril was proper.

2.—Same—Charge Not on Weight of Evidence.

See charge as to accident at crossing held not on the weight of evidence.

3.—Same—Liability for Negligence.

Where no signal was given by the engineer of the train at the proper distance from the public crossing, nor was the bell kept ringing as the train approached it, and the engineer, after discovering plaintiff with his team near the crossing, frightened the team with the unnecessary blowing of the whistle, the railway company was liable for the injury resulting to plaintiff from negligence.

Appeal from Hunt. Tried below before Hon. L. A. Clark.

*T. S. Miller* and *Head, Dillard & Muse,* for appellant.

*Sherill & Hefner,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by appellee to recover of the appellant damages for injuries received by the appellee in a collision with a train at the crossing of a public road over the appellant's railroad. Trial was had in the court below before a jury, and resulted in a verdict and judgment in favor of appellee for the sum of $4748.

We make the following statement of the facts as supported by the verdict of the jury: Appellee was injured in a collision with one of appellant's passenger trains on the 25th day of August, 1899, at a point about one mile south of Caddo Mills, in Hunt County. At the place of collision the railroad track ran in a northeast and southwest direction, and was crossed by a public road running north and south. Appellee was traveling south along the public road in an empty wagon with cotton sideboards on it. He was standing up about three feet from the front end of the bed of the wagon, driving his team, a mule and a horse, which was going at a slow trot. The highway was very dry, hard and dusty. North of the railway track and east of the public road about 100 yards from the crossing there was a dwelling house, and between it and the track a shed and a granary. Before reaching the house the view of the railroad was unobstructed and remained so until a point in the highway 165 feet from the crossing was reached. At that point one could see an object on the railroad 437 feet from the crossing, and from there to the crossing the view was entirely unob-

structed, and the nearer one approached the crossing the further down the railroad one could see. There was a private crossing 437 feet northeast of the public crossing and east of the house. A wing fence ran out from the cattle guard on the east side of the crossing and extended seventy feet. Appellee was familiar with the crossing. His team was gentle and not afraid of trains. As appellee approached the crossing he looked in both directions for a train, but saw none and drove on. When he had reached a point about ten or fifteen feet from the end of the fence he heard the rumbling of a train, and looking up saw it and checked up his team and got them stopped between thirty-five and forty feet from the crossing. The train was coming from the northeast at the rate of thirty miles an hour. Just as appellee got his team stopped, the engine commenced whistling, and the team became frightened and ran upon the track in front of the engine, although appellee used every effort to stop them. The wagon was struck and the appellee thrown out and injured. The engine gave the stock alarm with repeated whistling, and steam was escaping from the valves. We conclude that the appellee sustained injuries to the extent of the amount of the judgment as a result of the negligence of the appellant in frightening the team and failing to use due care to prevent the injury after the engineer had discovered appellee's peril. There is testimony from which the jury may have found that the statutory signals for the crossing were not given; certainly as to the ringing of the bell. The appellee exercised due care in approaching the track, and the collision was not the result of any negligence on his part.

There was no error in overruling the application for a continuance. Sufficient diligence was not shown to obtain the testimony of the witness, and from the facts as developed on the trial it was probably not true. The evidence fairly raised the issue of discovered peril, and the seventh paragraph of the court's charge upon that ground of negligence was properly given. The engineer testified that he saw the appellee when he first sounded the stock alarm, and this appeared from other evidence to have been done at the private crossing 437 feet distant. Although he testified that the appellee was whipping his team to cross the track, other witnesses testified that the team was frightened and that appellee was pulling them back with their heads up, endeavoring to keep them off. The engineer did nothing to prevent the collision except sound the stock alarm until he was within 50 feet of the crossing, when he first applied the air to the emergency. He testified that if he had shut off steam and applied the air at 400 feet, the appellee could have safely crossed, and that if he had cut off the steam and applied the air at 150 feet the speed of the train would have been checked. Appellant's fourth assignment of error is without merit. A special instruction upon the issue of giving the statutory signals for the crossing was given at its request, and it does not appear that this request was made after the court's general charge had been given. The fifth assignment of error is as follows: "The court erred in the following part

of the fifth paragraph of its charge to the jury: 'And if you further believe from the evidence that because of such failure, if any there was, to ring the bell, plaintiff had no warning of the approach of said train, and that he did not know of the approach thereof until he arrived near to said crossing and at a point where his team would be frightened by the approach and noise of said train, and if you further find that had said bell been rung at the place and time aforesaid, plaintiff would have been warned thereby of the approach of said train, and that he would thereby have known of its approach in time to have kept a safe distance from the track and crossing,' etc. (1) Said charge is on the weight of the evidence in that it assumes that plaintiff had arrived at a point where the team would of necessity be frightened by the approach and noise of the train. (2) It assumes that the point at which plaintiff had arrived before hearing the train was (not) a place of safety." We are of the opinion that this instruction is not upon the weight of the evidence, and is not subject to the objections made to it.

As the jury were authorized to find from the evidence, the employes of the appellant in charge of the engine were negligent in sounding the whistle and keeping it sounding, so that the appellee's team became frightened and ran upon the track. They were required to keep a lookout for the crossing, and if they discovered that appellee's team had taken fright, or by the exercise of ordinary care could have discovered it, or knew that the noise being made would likely frighten a team of ordinary gentleness, and frightened the team with the unnecessary blowing of the whistle, the appellant would be liable for negligence. Railway v. Pendery, 14 Texas Civ. App., 60; Railway v. Singer, 40 S. W. Rep., 1004; Railway v. Hair, 32 S. W. Rep., 1050; Railway v. Smith, 87 Texas, 354; Railway v. Box, 81 Texas, 670; Railway v. Bellew, 22 Texas Civ. App., 264; same case (recently decided by this court on second appeal), ante, p.     . Upon the principles announced in the cases just cited, there was no error in the court's giving the instruction complained of under the sixth assignment of error. The evidence did not call for the giving of the special instructions the refusal of which is complained of in the seventh and eighth assignments of error in the form requested; and the general charge of the court is sufficient upon the duty of the appellee in approaching the crossing. We find no error in the judgment of the court below and it will be affirmed.

*Affirmed.*

Writ of error refused.